UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60791-CIV-COHN

RAUL SANTIDRIAN and PAULA SANTIDRIAN,

Magistrate Judge Seltzer

    Plaintiffs,

vs.

LANDMARK CUSTOM RANCHES, INC., a Florida
corporation, RICK BELL a/k/a RICHARD BELL, Individually
and JOE CAPRIO, Individually.

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS COUNT II OF AMENDED COMPLAINT**
**ORDER GRANTING MOTION TO DISMISS COUNT III OF AMENDED COMPLAINT**
**ORDER DENYING MOTION TO STRIKE AMENDED COMPLAINT**
**ORDER GRANTING MOTION TO STRIKE CLASS ACTION ALLEGATIONS**

THIS CAUSE is before the Court upon Defendants Landmark Custom Ranches, Inc. and Rick Bell's Motion to Strike Plaintiffs' Amended Complaint or for Clarification of the Court's prior Order [DE 43], Defendants Landmark and Bell's Motion to Strike Class Action Allegations [DE 44], Defendant Bell's Motion to Dismiss Count II [DE 48], Defendants Landmark and Bell's Motion to Dismiss Count III [DE 49] and Defendant Joe Caprio's Motion to Join Motions to Strike [DE 45], Plaintiffs' Responses thereto, and Defendants' Replies.  The Court has carefully considered the entire record, and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiffs Raul and Paula Santidrian, husband and wife ("Plaintiffs"), filed this action for violations of the Interstate Land Sales Act ("ILSA" or "Act"), 15 U.S.C. § 1701 et seq., and breach of contract related to the sale of a custom home site by Landmark

Custom Ranches, Inc ("Landmark").  In its initial Complaint, Plaintiffs alleged various violations of the ILSA by Landmark in Count I, individual liability under the ILSA against Landmark's owner, Richard Bell, and its sales agent, Joe Caprio, in Count II, and breach of contract against Landmark in Count III [DE 40].  The Court granted in part Bell's motion to dismiss as to Count II and Landmark and Bell's motion to dismiss Count III.  Order dated October 14, 2008.  Defendant Bell was dismissed from the case for failure to state a claim.   In response to that order, Plaintiffs filed an Amended Complaint [DE 42].

The Amended Complaint has claims under the ILSA against Landmark in Count I, against Defendants Bell and Caprio in Count II, and a claim for "Foreclosure of Vendee's Lien" in Count III.[1]  More importantly, the Amended Complaint adds two paragraphs of allegations concerning Defendant Bell's personal involvement in the sale of the property.  Am. Compl., ¶¶12-13.

Defendant Landmark filed an Answer as to Count I and Defendant Caprio filed an Answer to Count II.  However, Defendants Landmark and Bell moved to strike the Amended Complaint for failure to obtain leave of court, strike the class action allegations, and dismiss Counts II and III.  Plaintiffs oppose the motions.

## II.  DISCUSSION

### A.  Motions to Strike

Defendants move to strike the Amended Complaint because it was not filed with

---

[1] The Amended Complaint contains similar allegations of violations of ILSA provisions as the initial Complaint, as detailed in the Court's prior Order at p. 2.

leave of court.  The parties disagree about whether a plaintiff can amend a complaint as of right prior to an answer being filed where the Court has addressed the sufficiency of the allegations in an initial complaint.  Upon a review of the parties' briefs, the Court concludes that a plaintiff could file an Amended Complaint that sought to meet the deficiencies found by a Court, if the Court's dismissal of claims was not "with prejudice," and if filed prior to the filing of an Answer to a remaining claim by a defendant.

Both conditions have been met in this case.  Plaintiffs' Amended Complaint was filed before any Defendants filed an Answer.  The prior dismissal did not specify "with prejudice," and was based upon a failure to plead sufficient facts regarding Defendant Bell's involvement.  More importantly, the Amended Complaint sought to address the pleading deficiencies identified and relied upon by the Court.  Therefore, the Court will deny the motion to strike the Amended Complaint.

The Court next turns to Plaintiffs' motion to strike the class action allegations.  Plaintiffs' Amended Complaint specifically reserves the right to later add plaintiffs in a class action.  Here, while it is a sign of good practice to at least put opposing counsel on notice of a potential issue to be addressed later in a case, the class action reservation in this case does not serve any other purpose.  The Court will set a new deadline for adding parties or amending the pleadings.  Therefore, this motion to strike is granted, without prejudice to a later filing of a motion for class certification and to amend the pleadings.

### B.  Motion to Dismiss Standard

The Court incorporates by reference its prior discussion of the motion to dismiss standard.  Santidrian v. Landmark Custom Ranches, Inc., 2008 WL 45871820, * 3 (S.D.Fla. Oct. 14, 2008).

### C.  Individual Liability of Richard Bell

Plaintiffs allege in the Amended Complaint that Defendant Bell is liable under the ILSA as a "Developer" because he is "the President and a Director and Shareholder of Defendant Landmark."  Am. Compl., ¶ 59.  Unlike the initial complaint, this time Plaintiffs add further detail regarding Bell's personal involvement in the sale of the property.  Bell is alleged to have met with Plaintiffs several times, both prior to finalization of the proposed design and after the signing of the contract.  Id., ¶ 12.  The day of the signing of the contract, Bell and Caprio met with Plaintiffs and negotiated and signed the contract, accepting the first deposit at that time.  Id.  Defendant Bell asserts that simply attending one or two "design" meetings is still insufficient to allege that Bell is a "developer" under the ILSA.  However, negotiating the final contract in an attempt to have Plaintiffs sign the contract would appear to sufficiently allege that Bell is a "developer," defined as "any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision."  15 U.S.C. ¶ 1701(5).[2]

The Court concludes that Plaintiffs have sufficiently pled facts which change the

---

[2]  Plaintiffs also allege that they received a flyer in the mail listing Defendant Bell as a "builder" of one of the communities Landmark was building.  Am. Compl., ¶ 13.

4

outcome of the Court's prior determination that they had failed to state a claim against Defendant Bell. With the additional allegations in the Amended Complaint, the Court now denies Defendant Bell's motion to dismiss Count II.

### D. Equitable Lien Claim

Plaintiffs assert a claim for an equitable lien to secure its recovery of its deposits under the parties' contract. Defendants move to dismiss this claim as contrary to Florida law, as an adequate remedy of damage is available. Defendants rely upon the decision in Garcia v. Santa Maria Resort, Inc., 528 F.Supp.2d 1283, 1296-97 (S.D.Fla. 2007), an ILSA decision in which the district dismissed all claims, including the claim for a constructive trust and equitable lien to secure purchase deposits. Plaintiffs assert that because this Court has not dismissed all claims, that its equitable lien claim should survive. However, as the Garcia decision (and cases cited therein), and Plaintiff's own authority, Parra v. Minto Town Park, LLC, 2008 WL 4773272, *4 (S.D.Fla. Oct. 30, 2008), make clear, where there is an adequate remedy at law for breach of contract, an equitable lien is not appropriate. The alleged statutory violations which this Court is allowing to go forward do not create a right to a lien. Plaintiffs have an adequate monetary remedy in this case.

### III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants Landmark Custom Ranches, Inc. and Rick Bell's Motion to Strike Plaintiffs' Amended Complaint or for Clarification of the Court's prior Order [DE 43] is hereby **DENIED**;

5

2. Defendants Landmark and Bell's Motion to Strike Class Action Allegations [DE 44] is hereby **GRANTED, without prejudice**;

3. Defendant Bell's Motion to Dismiss Count II [DE 48] is hereby **DENIED**;

4. Defendants Landmark and Bell's Motion to Dismiss Count III [DE 49] is hereby **GRANTED**, **with prejudice**;

5. Defendant Joe Caprio's Motion to Join Motions to Strike [DE 45] is hereby **DENIED**;

6. Defendant Rick Bell is reinstated as a Defendant in this case and shall file his Answer to Count II by February 6, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of January, 2009.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record