UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60791-CIV-COHN

RAUL SANTIDRIAN and PAULA SANTIDRIAN,

Magistrate Judge Seltzer

　　　Plaintiffs,

vs.

LANDMARK CUSTOM RANCHES, INC., a Florida
corporation, RICK BELL a/k/a RICHARD BELL, Individually
and JOE CAPRIO, Individually.

　　　Defendants.
_____/

## ORDER GRANTING IN PART MOTION FOR COSTS

　　　THIS CAUSE is before the Court upon Defendant Joe Caprio's Verified Motion for Costs as Prevailing Party [DE 194] and Plaintiffs' Response thereto [DE 199]. the deadline for filing of a reply passed on September 28, 2009.  The Court has carefully considered the motion and response, and is otherwise fully advised in the premises.

### I.  BACKGROUND

　　　Defendant Joe Caprio seeks to tax certain costs as a prevailing party.  Caprio obtained a summary judgment in this case and is a prevailing party.  Plaintiffs oppose certain cost items sought by Caprio.

### II.  DISCUSSION

#### A.   Standard for Taxing Costs

　　　Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party.  See Crawford Fitting

Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 U.S. 437, 445 (1987).

> 28 U.S.C. § 1920, taxation of costs, provides as follows:
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
>    (1) Fees of the clerk and marshal;
>
>    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>    (5) Docket fees under section 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the present case, Caprio seeks costs totaling $2,932.30 for the following items: (1) fees for the court reporter and transcripts of certain depositions ($2,101.45); (2) fees for copying and exemplification ($30.85) and (3) fees of the mediator ($800.00).  Plaintiffs object to two of the depositions in total, the mediator fees, and

certain costs contained within the deposition transcript invoices.

## B.  Deposition Costs for Defendants Joe Caprio and Rick Bell

Plaintiffs argue that Defendant Caprio obtained a copy of his own deposition for mere convenience, while the deposition of Rick Bell was not used by Defendant.  The Court notes that while the present action never made it to trial, this fact is not dispositive as long as the costs incurred were otherwise reasonably necessary for use in the case.  See, e.g., Eagle Insurance Co. v. Johnson, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998) ("[T]he fact that a court disposes of the case at the summary judgment stage is no impediment to an award of costs, provided that they were otherwise reasonably necessary for use in the case.") (citing Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir.1985)).

"In determining whether the cost of a particular deposition is taxable, 'the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case.'" Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 666 (M.D.Ala.1999) (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. June 1981)).  "[W]here the deposition costs were merely incurred for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation only, the costs are not recoverable."  Id. (quoting DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 241 (N.D. Ga.1993)).  "[A] district judge has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorneys."  Id. (quoting Newman, 648 F.2d at 337).

With respect to both depositions, Caprio used those depositions in support of his motion for summary judgment. See Defendant Joe Caprio's Motion for Summary Judgment [DE 118]. While clearly his own deposition was cited far more frequently than co-defendant Rick Bell's deposition (see ¶ 13 of DE 118 for citation to Bell deposition), the Court is convinced that both depositions were necessarily obtained for use in the case. There were only four witnesses in this case. It would have left a potential gap in Caprio's representation had his counsel not obtained co-defendant Rick Bell's deposition, even if it were not used to support Caprio's own motion for summary judgment. Therefore, the Court finds that such deposition costs were necessarily obtained for use in the present case, and therefore, the costs are taxable.

## C.  Other Costs Objected to by Plaintiffs

Plaintiffs object to certain additional costs contained within the invoices for the deposition transcripts, such as those for exhibit copies, condensed transcripts, disks and postage and handling. Defendant Caprio is not seeking taxation of costs for condensed transcripts, disks or postage and handling. As to costs for copies of exhibits, this cost would be covered under § 1920(4), fees for exemplification and copies of papers necessarily obtained for use in the case.

The final item in dispute is the mediation cost. Plaintiffs are correct that such costs are not specifically listed in section 1920 as taxable. Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d 1054, 1061 (9th Cir.2001) ("[N]othing in 28 U.S.C. § 1920 provides for the cost of a mediator."); George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1300 (M.D.Fla.2000) (refusing to tax mediation costs when

prevailing party cited no legal authority to justify such an expense); <u>UNI-Systems, Inc. v. Delta Air Lines, Inc.</u>, 2002 WL 505914, *4 (D.Minn. Mar.28, 2002) ("The Court does not read § 1920 to allow taxation of miscellaneous mediation fees"); <u>Wayne v. Dallas Morning News</u>, 2000 WL 343188, *3 (N.D.Tex. Mar.31, 2000) (holding that mediation costs are not compensable), *aff'd.*, 226 F.3d 641 (5th Cir.2000); <u>AM Properties v. Town of Chapel Hill</u>, 202 F.Supp.2d 451, 456 (D.N.C. 2002).  Therefore, the Court will not tax Defendant Caprio's portion of the mediation fee ($800).

### III.  CONCLUSION

The Court concludes that Defendant Caprio's motion should be granted in the amount of $2,132.20.   Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant Joe Caprio's Verified Motion for Costs as Prevailing Party [DE 194] is hereby **GRANTED in part** and **DENIED in part**;

2. The costs for mediation are denied, while the other costs sought within the motion are granted;

3. The Court will separately enter a judgment for costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of October, 2009.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record